IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **JENNIE JONSSON,**<br><br>     **Plaintiff,**<br><br>vs.<br><br>**OFFICE OF ADMINISTRATIVE HEARINGS, UTAH DEPARTMENT OF HEALTH AND HUMAN SERVICES, and ERIC STOTT,**<br><br>     **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:23-CV-00755-DAK-CMR<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendants' Partial Motion to Dismiss. The court held a hearing on February 29, 2024. The court took the matter under advisement. After considering the briefs and materials submitted by the parties, the court renders the following Memorandum Decision and Order granting Defendants' motion.

## BACKGROUND

This matter is before the court on Defendants' Partial Motion to Dismiss [ECF No. 6]. Plaintiff was an Administrative Leave Judge with the Office of Administrative Hearings ("OAH"), Department of Health and Human Services ("DHHS"), where she was supervised by Eric Stott ("Defendants"). During her time as an Administrative Leave Judge, Plaintiff was responsible for hearing cases arising out of investigations by the Division of Child and Family Services, which included cases involving sexual abuse. Compl., ¶ 10. In May 2023, Plaintiff completed an order that overturned the supported finding in a sexual abuse case. Compl., ¶ 11.

1

Plaintiff and her supervisor, Stott, disagreed about how to weigh testimony and what decision would be appropriate in the case. Compl., ¶¶ 13-22. After this, Plaintiff requested that she not be assigned to adjudicate sexual abuse cases and stated that she would start looking for another job. Comp., ¶¶ 23-24.

On June 28, 2023, Stott and his supervisor met with Plaintiff and informed her that the decision had been made to terminate her probation and end the employment relationship. Compl., ¶¶ 30-31. Plaintiff filed this action in state court on September 25, 2023. Compl., p. 13. Defendants removed this action to federal court on October 23, 2023 [ECF No. 3] and then filed a Partial Motion to Dismiss [ECF No. 6]. In this motion, Defendants argue that two of Plaintiff's causes of actions, the violation of the Utah Protection of Public employees Act ("UPPEA") and the deprivation of Plaintiff's liberty interest without due process in violation of Section 1983, must be dismissed.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss any claim that "fail[s] to state a claim upon which relief can be granted." When considering a motion to dismiss, the court views the complaint in a light most favorable to the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). Nevertheless, a claim must be dismissed if the complaint does not contain enough facts to make the claim "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). Further, a complaint must allege "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of

action," and it must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## DISCUSSION

As mentioned above, Defendants' motion relates to two causes of action that Plaintiff brings against Eric Stott and DHHS: (1) deprivation of Plaintiff's liberty interest without due process in violation of Section 1983 and (2) violation of the Utah Protection of Public Employees Act ("UPPEA"). In regard to the Section 1983 claim, the parties have agreed that DHHS cannot be sued under this statute because to be sued under Section 1983 an entity must be a "person" as defined by the courts. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). It is well-settled that states, state agencies, and state officials acting in their official capacities are not "persons" under Section 1983. *Id*. Thus, the Section 1983 claim against Defendant DHHS must be dismissed. Defendants argue, however, that the Section 1983 claim and the UPPEA claim must also be dismissed as they relate to Defendant Stott. These arguments are discussed in turn below.

    I.    <u>Section 1983</u>

Under Section 1983, a state official cannot be sued in his official capacity for retrospective relief but can be sued for prospective relief. *See Edelman v. Jordan*, 415 U.S. 651, 676–77 (1974); *Ex Parte Young*, 209 U.S. 123 (1908). The Supreme Court has differentiated relief that is *prospective* from relief that is merely *equitable* for purposes of an official capacity claim. *See Edelman,* 415 U.S. at 666. Determining whether a request for equitable relief is prospective requires a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Buchheit v. Green*, 705 F.3d 1157, 1159 (10th Cir. 2012). When a plaintiff is seeking to "address alleged

past harms rather than prevent prospective violations of federal law," the relief sought is retrospective. *Id*.

Here, Plaintiff is suing Defendant Eric Stott in his official capacity. In her complaint, she explains that "[a]t all times relevant to this action, Eric Stott was acting within the course and scope of his employment at OAH, DHHS." Compl., ¶ 3. Furthermore, in her briefing, she explains that when she was terminated from her job, the termination letter was added to her employment file. This letter is available to be reviewed whenever Plaintiff applies for a job within a state agency. Accordingly, she is seeking lost wages and benefits and injunctive relief, including removal of the termination letter from her file, removal of all documentation that has been created to impugn her good name, reputation, honor, and integrity, and retraction of all false allegations of unsatisfactory job performance and failure to meet performance standards. Eric Stott can only do these things in his official capacity. He cannot pay her lost wages or remove a termination letter in his individual capacity. Thus, although Plaintiff does not use the word "official" or "individual," it is clear that for purposes of the Section 1983 claim, she is suing Stott in his official capacity, and the court will analyze the claim accordingly.

The Tenth Circuit addressed an issue like the one here in *Drown v. Utah State Office of Educ.*, 767 Fed. Appx. 679, 685 (10th Cir. 2019). There, the plaintiff alleged that she was seeking prospective relief when she demanded that a reprimand letter be removed from her employee file. *Id*. at 684–85. Plaintiff asserted that removal of the letter constituted prospective relief and that the retention of the letter in her employee file was an ongoing violation of federal law. *Id*. The Tenth Circuit disagreed and explained that where a plaintiff merely seeks to address alleged past harms rather than prevent prospective violations of federal law, it is considered retrospective relief. *Id.* Like the plaintiff in *Drown*, Plaintiff's assertions are best characterized

4

as retroactive relief to remedy past harms rather than ongoing violations of the law. Thus, Plaintiff's Section 1983 claim against Stott in his official capacity fails.

II.     UPPEA Claim

The Utah Protection of Public Employees Act ("UPPEA") allows public employees to sue their employer when their employer takes a retaliatory action against them. *See* Utah Code Ann. §67-21-3(1)(a). Both a threat of termination and actual termination constitute an "adverse employment action" that could trigger such a claim. *Zimmerman v. Univ. of Utah and McMahon*, 2018 UT 1, 417 P.3d 78, ¶ 31. The Act defines "employer" as the "public body or public entity that employs the employee" and explains that this definition encompasses "agent[s] of the employer." Utah Code Ann. §67-21-5(a)–(b).

Here, Defendants argue that Stott cannot be held liable in his individual capacity under the UPPEA. The court agrees. In *Zimmerman*, the plaintiff's complaint was amended to add an individual defendant. *Zimmerman*, No. 2:13-cv-01131 (D. Utah, filed Dec. 27, 2013), ECF No. 2 (Verified Complaint), ECF No. 32, at 1 (Amended Complaint). When this happened, the plaintiff clarified that the claim under the UPPEA was "against the University of Utah" and not the individual defendant. *Id*. This suggests that the statute was designed to hold employers, rather than individuals, responsible. Additionally, in *Ostler*, the court dismissed a UPPEA claim against all individual defendants. *Ostler v. Salt Lake City Corp.*, 2005 WL 2237631, at *3 (D. Utah, Sept. 14, 2005). The court explained that the UPPEA "allows for a cause of action only against the employer [ . . . ] and not against any of the individual Defendants." *Id*. Thus, the relevant case law indicates that the UPPEA allows for a cause of action against an employer rather than individual agents of the employer.

5

Furthermore, the goal of this statute, as Defendants point out, is more closely aligned with that of Title VII than other employment acts such as the FLSA and EPA. The goal of the UPPEA is to provide employees with protection against employers who abuse their authority. Title VII is also aimed at this and seeks to protect employees from harassment, threats, and discrimination in the workplace. Title VII does not allow for an agent of an employer to be held liable in their individual capacity. *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996). It follows then that in writing the UPPEA, the legislature sought to provide employees with a medium to find relief against their employer and not a supervisor or agent in their individual capacity. For these reasons and those discussed above, Plaintiff's UPPEA claim against Stott fails.

## CONCLUSION

The court GRANTS Defendants' Partial Motion to Dismiss. The Section 1983 claim is dismissed as to both DHHS and Eric Stott in his official capacity, and the UPPEA claim is dismissed as to Eric Stott.

DATED this 14th day of March 2024.

BY THE COURT:

DALE A. KIMBALL
United States District Judge