JAQUALIN FRIEND PETERSON (6226)
KATHERINE B. BUSHMAN (15561)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, 6th Floor
PO Box 140856
Salt Lake City, UT 84114-0856
Telephone: (385) 499-0580
Facsimile: (801) 366-0101
E-mail: jfpeterson@agutah.gov
         kbbushman@agutah.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JENNIE JONSSON,<br><br>        Plaintiff,<br><br>v.<br><br>ERIC STOTT and OFFICE OF ADMINISTRATIVE HEARINGS, UTAH DEPARTMEN OF HEALTH AND HUMAN SERVICES,<br><br>        Defendant. | **DEFENDANT ERIC STOTT'S ANSWER**<br><br>Case No. 2:23-cv-00755<br><br>Judge Dale A. Kimball<br>Magistrate Judge Cecilia M. Romero |

Defendant Eric Stott, by and through counsel, Jaqualin F. Peterson and Katherine B. Bushman, Assistant Utah Attorneys General, submits his Answer to Plaintiff Jennie Jonsson's Complaint:

## PARTIES

1. Admit.

2. Admit.

3. Admit.

## JURISDICTION

4. Admit.

5. Defendant admits that this Court has subject matter jurisdiction over federal questions under the United States Constitution and claims brought under 42 U.S.C. § 1983. This Court may also take supplemental jurisdiction over state law claims. Defendants deny the remaining allegations of paragraph 5 not specifically admitted above.

6. Deny.

## GENERAL ALLEGATIONS

7. Admit.

8. Admit.

9. Admit that Ms. Jonsson was employed by the State of Utah as an ALJ at some point prior to her ALJ position with DHHS; Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 9 and therefore denies the same.

10. Defendant admits Paragraph 10 but affirmatively states that Plaintiff's description of the process and scope of a DHHS ALJ's duties is incomplete and/or oversimplified. Defendant therefore denies Paragraph 10 to the extent that it purports to be a complete or precise representation of either an ALJ's scope of duties or the procedural trajectory of all sexual abuse cases.

11. Defendant admits that on or around May 16, 2023, Plaintiff completed a draft order in a sexual abuse case. Admit that Plaintiff decided to overturn the supported finding. Admit that Plaintiff's analysis was that it was a he-said/she-said type of case. Admit that Plaintiff's draft ruling indicated that DCFS had failed to make its case. Defendant denies Paragraph 11 as to all remaining allegations.

12. Defendant affirmatively states that Plaintiff's description of said policy is incomplete and/or oversimplified and therefore denies Paragraph 12. However, Defendant admits that OAH has a policy requiring its ALJs to delay issuing some types of orders, such as a Final Decision and Order following an evidentiary hearing, until another ALJ has completed peer review.

13. Admit.

14. Defendant states that this discussion is memorialized in an email which speaks for itself. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

15. Defendant states that this discussion is memorialized in an email which speaks for itself. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

16. Defendant affirmatively states that this code section speaks for itself. Defendant denies Paragraph 16 to the extent it requires any additional response.

17. Defendant states that this discussion is memorialized in an email which speaks for itself. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

18. Defendant states that this discussion is memorialized in an email which speaks for itself. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

19. Defendant states that this discussion is memorialized in an email which speaks for itself. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

20. Defendant affirmatively states that this code section and Exhibit 1 speak for themselves. Defendant denies Paragraph 20 to the extent it requires any additional response.

21. Defendant admits that he ultimately wrote an order upholding DCFS's supported finding. Defendant states that the remainder of this paragraph is memorialized in an email which speaks for itself. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

22. Defendant states that this discussion is memorialized in an email which speaks for itself. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

23. Defendant states that this discussion is memorialized in an email which speaks for itself. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

24. Regarding Plaintiff's statement that she would look for another job, Defendant states that this discussion is memorialized in an email which speaks for itself, and denies the first sentence of this paragraph to the extent it is inconsistent with said email. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 24.

25. Defendant admits that, to the extent he was cc'd on Mr. Wade's emails, Mr. Wade appeared to provide various levels of feedback to colleagues on peer reviewed decisions. Defendant lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in Paragraph 25 and therefore denies the same.

26. Defendant states that this discussion is memorialized in an email which speaks for itself. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

27. Defendant states that this discussion is memorialized in an email which speaks for itself. Defendant lacks sufficient information to form a belief about Plaintiff's intent and therefore denies the same. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

28. Defendant states that this discussion is memorialized in an email which speaks for itself. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

29. Defendant states that this discussion is memorialized in an email which speaks for itself. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

30. Defendant states that this discussion is memorialized in an email which speaks for itself. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

31. Admit that Stott and Slater told Plaintiff at the beginning of this meeting that the decision had been made to terminate her employment. Defendant affirmatively states that Stott

and Slater came to the meeting with an already-prepared termination letter for Plaintiff. Admit that, only after being notified of her termination, Plaintiff refused to accept the termination letter and stated she had grounds for a whistleblower action. Deny that Stott and Slater said that none of Plaintiff's concerns mattered. The remaining allegations in this paragraph are memorialized in an audio recording and Defendant denies the remaining allegations in this paragraph to the extent they are inconsistent with the recording.

32. Defendant states that this discussion is memorialized in an email which speaks for itself. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

33. Admit.

34. Defendant admits Stott commented positively upon Plaintiff's timeliness and writing during her employment. Defendant lacks sufficient information or knowledge to form a belief about the remaining allegations in paragraph 34 and therefore denies the same.

**FIRST CAUSE OF ACTION**

**Violation of Utah Protection of Public Employees Act**
**Utah Code Ann. (sec) 67-21-1, et seq.**

35. This claim has been dismissed as to Stott and therefore no response is required.

36. This claim has been dismissed as to Stott and therefore no response is required.

37. This claim has been dismissed as to Stott and therefore no response is required.

38. This claim has been dismissed as to Stott and therefore no response is required.

39. This claim has been dismissed as to Stott and therefore no response is required.

40. This claim has been dismissed as to Stott and therefore no response is required.

41. This claim has been dismissed as to Stott and therefore no response is required.

42. This claim has been dismissed as to Stott and therefore no response is required.

43. This claim has been dismissed as to Stott and therefore no response is required.

## SECOND CAUSE OF ACTION

### (Deprivation of Plaintiff's Liberty Interest Without Due Process in Violation of 42 U.S.C. § 1983)

70.[1] Defendant incorporates by reference all paragraphs set forth above.

71. This Paragraph calls for a legal conclusion not requiring a response by Defendant. To the extent a response is required, Defendant denies the same.

72. Deny.

73. This Paragraph calls for a legal conclusion not requiring a response by Defendant. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 73 and therefore denies the same.

74. Deny.

75. Deny.

76. Deny.

77. Deny.

78. Deny.

## DAMAGES

79. Deny.

---

[1] Plaintiff's Complaint does not include paragraphs 44 through 69. Defendant continues Plaintiff's numbering scheme for convenience and notes that there were no intervening paragraphs to respond to.

## PRAYER FOR RELIEF

Paragraphs 1-8 of Plaintiff's Prayer for Relief are denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim fails because Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim fails in whole or in part because Plaintiff cannot show any statement attributable to Defendant Stott affirmatively impugned her good name, reputation, honor, or integrity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim fails in whole or in part because any damages were caused by Plaintiff's own conduct and not by any misconduct or omission on the part of the Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim fails in whole or in part because Defendant is entitled to qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim fails in whole or in part because any statements attributable to Defendant were truthful.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages fails in whole or in part because Plaintiff failed to mitigate her damages or has no damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim fails in whole or in part because Defendant had no involvement in the events leading to or surrounding the alleged liberty interest violation.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages is barred in whole or in part because the remedy for violation of a liberty interest is a name-clearing hearing.

### RESERVATION OF AFFIRMATIVE DEFENSES

Defendant intends to assert each and every affirmative defense available and does not intend to waive any affirmative defenses by failing to assert them herein. Defendant reserves the right to amend this Answer to add additional affirmative defenses as they become known through the discovery process.

RESPECTFULLY SUBMITTED THIS 10th day of April, 2024.

OFFICE OF THE UTAH ATTORNEY GENERAL

/s/ *Jaqualin Friend Peterson*
JAQUALIN FRIEND PETERSON
KATHERINE B. BUSHMAN
Assistant Utah Attorneys General
*Attorneys for Defendant*