JAQUALIN FRIEND PETERSON (6226)
KATHERINE B. BUSHMAN (15561)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, 6th Floor
PO Box 140856
Salt Lake City, UT 84114-0856
Telephone: (385) 499-0580
Facsimile: (801) 366-0101
E-mail: jfpeterson@agutah.gov
          kbbushman@agutah.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| JENNIE JONSSON, | **DEFENDANT DHHS'S ANSWER** |
|---|---|
| Plaintiff, | |
| v. | Case No. 2:23-cv-00755 |
| ERIC STOTT and OFFICE OF ADMINISTRATIVE HEARINGS, UTAH DEPARTMEN OF HEALTH AND HUMAN SERVICES, | Judge Dale A. Kimball<br>Magistrate Judge Cecilia M. Romero |
| Defendant. | |

Defendant Utah Department of Health and Human Services ("DHHS"), by and through counsel, Jaqualin F. Peterson and Katherine B. Bushman, Assistant Utah Attorneys General, submits its Answer to Plaintiff Jennie Jonsson's Complaint:

## PARTIES

1. Admit.

2. Admit.

3. Admit.

## JURISDICTION, VENUE AND TIER

4. Admit.

5. Defendant admits that this Court has subject matter jurisdiction over federal questions under the United States Constitution and claims brought under 42 U.S.C. § 1983. This Court may also take supplemental jurisdiction over state law claims. Defendants deny the remaining allegations of paragraph 5 not specifically admitted above.

6. Deny.

## GENERAL ALLEGATIONS

7. Admit.

8. Admit.

9. Admit that Ms. Jonsson was employed by the State of Utah as an ALJ at some point prior to her ALJ position with DHHS; Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 9 and therefore denies the same.

10. Defendant admits Paragraph 10 but affirmatively states that Plaintiff's description of the process and scope of a DHHS ALJ's duties is incomplete and/or oversimplified. Defendants therefore deny Paragraph 10 to the extent that it purports to be a complete or precise representation of either an ALJ's scope of duties or the procedural trajectory of all sexual abuse cases.

11. Defendant admits that on or around May 16, 2023, Plaintiff completed a draft order in a sexual abuse case. Admit that Plaintiff decided to overturn the supported finding. Admit that Plaintiff's analysis was that it was a he-said/she-said type of case. Admit that Plaintiff's draft ruling indicated that DCFS had failed to make its case. Defendant denies Paragraph 11 as to all remaining allegations.

12. Defendant affirmatively states that Plaintiff's description of said policy is incomplete and/or oversimplified and therefore denies Paragraph 12. However, Defendant admits that OAH has a policy requiring its ALJs to delay issuing some types of orders, such as a Final Decision and Order following an evidentiary hearing, until another ALJ has completed peer review.

13. Admit.

14. Defendant states that this discussion is memorialized in an email which speaks for itself. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

15. Defendant states that this discussion is memorialized in an email which speaks for itself. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

16. Defendant affirmatively states that this code section speaks for itself. Defendant denies Paragraph 16 to the extent it requires any additional response.

17. Defendant states that this discussion is memorialized in an email which speaks for itself. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

18. Defendant states that this discussion is memorialized in an email which speaks for itself. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

19. Defendant states that this discussion is memorialized in an email which speaks for itself. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

20. Defendant affirmatively states that this code section and Exhibit 1 speak for themselves. Defendant denies this paragraph to the extent it requires any additional response.

21. Defendant admits that Stott ultimately wrote an order upholding DCFS's supported finding. Defendant states that the remainder of this paragraph is memorialized in an email which speaks for itself. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

22. Defendant states that this discussion is memorialized in an email which speaks for itself, and denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

23. Defendant states that this discussion is memorialized in an email which speaks for itself. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

24. Regarding Plaintiff's statement that she would look for another job, Defendant states that this discussion is memorialized in an email which speaks for itself, and denies the first sentence of this paragraph to the extent it is inconsistent with said email. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 24.

25. Defendant admits that Mr. Wade provided various levels of feedback to colleagues on peer reviewed decisions both before and after June 15, 2023. Defendant affirmatively states that Mr. Wade's emails speak for themselves and deny this paragraph to the extent its assertions about his emails are inconsistent with said emails. Defendant lacks sufficient information to form a belief as to the truth of all remaining allegations in this paragraph and therefore denies the same.

26. Defendant states that this discussion is memorialized in an email which speaks for itself. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

27. Defendant states that this discussion is memorialized in an email which speaks for itself. Defendant lacks sufficient information to form a belief about Plaintiff's intent and therefore denies the same. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

28. Defendant states that this discussion is memorialized in an email which speaks for itself. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

29. Defendant states that this discussion is memorialized in an email which speaks for itself. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

30. Defendant states that this discussion is memorialized in an email which speaks for itself. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

31. Admit that Stott and Slater told Plaintiff at the beginning of this meeting that the decision had been made to terminate her employment. Defendant affirmatively states that Stott and Slater came to the meeting with an already-prepared termination letter for Plaintiff. Admit that, only after being notified of her termination, Plaintiff refused to accept the termination letter and stated she had grounds for a whistleblower action. Deny that Stott and Slater said that none of Plaintiff's concerns mattered. The remaining allegations in this paragraph are memorialized in an audio recording and Defendant denies the remaining allegations in this paragraph to the extent they are inconsistent with the recording.

32. Defendant states that this discussion is memorialized in an email which speaks for itself. Defendant denies this paragraph to the extent it is inconsistent with said email and requires any additional response.

33. Admit.

34. Defendant lacks sufficient information or knowledge to form a belief about the remaining allegations in paragraph 34 and therefore denies the same.

### FIRST CAUSE OF ACTION
**Violation of Utah Protection of Public Employees Act**
**Utah Code Ann. (sec) 67-21-1, et seq.**

35. This Paragraph incorporates by reference the responses previously set forth in this Answer.

36. This Paragraph calls for a legal conclusion not requiring a response by Defendant and is therefore denied.

37. Deny.

38. Deny.

39. Deny.

40. This Paragraph calls for a legal conclusion not requiring a response by Defendant and is therefore denied.

41. Deny.

42. Deny.

43. Deny.

## SECOND CAUSE OF ACTION
(Deprivation of Plaintiff's Liberty Interest Without Due Process
in Violation of 42 U.S.C. § 1983)

70. [1] This claim has been dismissed as to DHHS and therefore no response is required.

71. This claim has been dismissed as to DHHS and therefore no response is required.

72. This claim has been dismissed as to DHHS and therefore no response is required.

73. This claim has been dismissed as to DHHS and therefore no response is required.

74. This claim has been dismissed as to DHHS and therefore no response is required.

75. This claim has been dismissed as to DHHS and therefore no response is required.

76. This claim has been dismissed as to DHHS and therefore no response is required.

77. This claim has been dismissed as to DHHS and therefore no response is required.

78. This claim has been dismissed as to DHHS and therefore no response is required.

## DAMAGES

79. Deny.

---

[1] Plaintiff's Complaint does not include paragraphs 44 through 69. Defendant continues Plaintiff's numbering scheme for convenience and notes that there were no intervening paragraphs to respond to.

## PRAYER FOR RELIEF

Paragraphs 1-8 of Plaintiff's Prayer for Relief are denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim fails because she has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for damages is barred in whole or in part because she has failed to mitigate her damages or has no damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is not a protected person under the Utah Protection of Public Employees Act because she did not make any qualifying report under Utah Code § 67-21-3.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim fails because Plaintiff did not make a report in good faith under Utah Code § 67-21-3(1).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a presumption of having communicated in good faith because she did not communicate to a person as provided in Utah Code § 67-21-3(1)(b).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim fails because Plaintiff was not terminated for making any qualifying report under the Utah Protection of Public Employees Act.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim fails because Defendant can prove by substantial evidence that its actions, if any, were justified as provided by for by Utah Code § 67-21-4(3).

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim fails because she cannot establish that Defendant took any action against Plaintiff for making a qualifying report under Utah Code § 67-21 *et seq*.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred in whole or in part under the doctrine of estoppel because Plaintiff indicated that she was going to find employment elsewhere.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages fails because any damages were caused by Plaintiff's own conduct and not by any misconduct or omission on the part of the Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages is barred by the after-acquired evidence doctrine.

### RESERVATION OF AFFIRMATIVE DEFENSES

Defendant intends to assert each and every affirmative defense available and does not intend to waive any affirmative defenses by failing to assert them herein. Defendant reserves the right to amend this Answer to add additional affirmative defenses as they become known through the discovery process.

RESPECTFULLY SUBMITTED THIS 10th day of April, 2024.

                            OFFICE OF THE UTAH ATTORNEY GENERAL

                            /s/ *Jaqualin Friend Peterson*
                            JAQUALIN FRIEND PETERSON
                            KATHERINE B. BUSHMAN
                            Assistant Utah Attorneys General
                            *Attorneys for Defendant*