IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JENNIE JONSSON,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF ADMINISTRATIVE EARINGS, UTAH DEPARTMENT OF HEALTH AND HUMAN SERVICES and ERIC STOTT,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' [44] SHORT FORM DISCOVERY MOTION AND PLAINTIFF'S [49] MOTION FOR RULE 16 CONFERENCE<br><br>Case No. 2:23-cv-00755-DAK-CMR<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

## I.     BACKGROUND

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 11). Before the court is Defendants' Motion for Short Form Discovery re: Relief to Overcome Prejudice Created by Plaintiff's Late Designation of Aurora Holley (Discovery Motion) (ECF 44) requesting leave to retain a counter expert. In response, Plaintiff argues there is insufficient legal support for this request (ECF 46). Also before the court is Plaintiff's Motion for Rule 16 Conference (Scheduling Motion) (ECF 49) asking the court to set trial dates in this matter. Defendants oppose this request on the grounds that significant expert discovery issues remain pending before the court (ECF 50). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the basis of written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court DENIES the Discovery Motion and the Scheduling Motion without prejudice.

## II. DISCUSSION

### 1. Discovery Motion

Rule 26 of the Federal Rules of Civil Procedure permits rebuttal expert opinions. Fed. R. Civ. P. 26(a)(2)(D) ("[D]isclosures must be made: . . . if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure."). "The function of rebuttal testimony is to explain, repel, counteract, or disprove evidence of the adverse party. As such, rebuttal evidence may be used to challenge the evidence or theory of an opponent—and not to establish a case-in-chief." *Alfwear Inc. v. IBKUL Corp.*, No. 2:21-CV-00698-DBB-DBP, 2025 WL 1370694, at *7 (D. Utah May 12, 2025) (quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006)). "Rebuttal expert reports are not the proper place for presenting new arguments." *Id.* (quoting *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv. II, LLC*, No. 14-CV-00134-PAB-KMT, 2016 WL 1597529, at *7 (D. Colo. 2016)). "Rebuttal expert reports cannot present new arguments and rebuttal experts must restrict their testimony to attacking the theories offered by the adversary's experts." *Id.* at *8 (quoting *Mountain Food, LLC v. Sentry Ins.*, No. 120CV03083CNSSTV, 2023 WL 2352822, at *3 (D. Colo. 2023)).[1]

Here, Plaintiff disclosed the rebuttal report of Aurora Holley (Holley) responding to the opinion summaries for Defendants' non-retained experts Eric Stott (Stott) and Molly McDonald (McDonald). Thus, the relevant inquiry is whether Holley limits herself to "poking holes" in the opinions of Stott and McDonald, or whether Holley is "offering new theories or addressing topics not directly presented in [Defendants'] original experts' opinions." *See Alfwear*, 2025 WL 1370694, at *8 (quoting *Spring Creek Expl. & Prod. Co.*, 2016 WL 1597529, at *6).

---

[1] Defendants' Discovery Motion fails to mention or note the legal standard that applies in addressing this issue.

The court disagrees that Holley's report is untimely or improperly disclosed. Under Rule 26, a rebuttal disclosure must "rebut evidence on the same subject matter identified by another party." *See* Fed. R. Civ. P. 26(a)(2)(D). Plaintiff contends that the scope of Holley's opinion is to "rebut Stott's opinions about his own performance as an administrative law judge" (ECF 46 at 4). Defendants do not appear to dispute the subject matter addressed by Holley in her rebuttal opinion. Rather, Defendants complain of unfair prejudice and surprise due to the "nature" of her opinion as a retained expert who was previously disclosed as a non-retained expert (ECF 44 at 3). Defendants request the opportunity to depose Holley and retain a counter expert to address Holley's report to remedy the claimed prejudice (*id.*). Defendants have not presented sufficient authority to support their position.[2] In this case, Plaintiff properly disclosed the rebuttal report of Holley responding to the opinion summaries for Defendants' non-retained experts Stott and McDonald prior to the deadline for expert rebuttal reports (ECF 43). The court notes that expert discovery closed on May 1, 2025 (ECF 41), and there is no motion to reopen discovery before the court. The court declines to reopen expert discovery where the case is ready for trial. For these reasons, Defendants' Discovery Motion is DENIED.

2. **Scheduling Motion**

Pursuant to Rule 16, Plaintiff requests either a pretrial conference to set trial dates and pretrial deadlines or a scheduling conference to expedite the disposition of this matter (ECF 49 at 2). Defendants' sole objection to the Scheduling Motion is that it is premature in light of the issues presented by the Discovery Motion. Given that the court has resolved the Discovery Motion, Plaintiff's request for a scheduling conference to expedite this matter is moot, and this matter is now ready for trial. As instructed in the operative Third Amended Scheduling Order (ECF 41), the

---

[2] The court agrees with Plaintiff's explanation of why the cases presented in Defendants' Motion are distinguishable from the case at hand (ECF 46 at 2–5 n.4).

parties must file a request for a scheduling conference for the purpose of setting trial dates with the district judge in this matter. The court therefore DENIES the Scheduling Motion without prejudice and directs the parties to file such a request with Judge Kimball within fourteen (14) days of the date of this Order.

### III.     CONCLUSION AND ORDER

For the foregoing reasons, the court hereby ORDERS as follows:

1. Defendants' Discovery Motion (ECF 44) is DENIED;

2. Plaintiff's Scheduling Motion is (ECF 49) is DENIED without prejudice; and

3. The parties shall jointly contact Judge Kimball's chambers within fourteen (14) days to request a scheduling conference regarding trial dates.

IT IS SO ORDERED.

DATED this 3 November 2025.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah